**Necomoshea MOORE, Plaintiff,**

v.

**Michael F. SHEAHAN, in his official capacity as Sheriff of Cook County, Defendant.**

**No. 97 C 3387.**

United States District Court,
N.D. Illinois,
Eastern Division.

March 23, 1999.

---

Zachary I. Gass, Michael D. Spinak, Spinak, Levinson, Babcock & Iversen, Chicago, IL, for plaintiff.

Terry L. McDonald, David S. Meyerson, Cook County State's Attorney, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

In May 1997, plaintiff Necomoshea Moore filed a complaint pursuant to 42 U.S.C. § 1983 against defendant Michael Sheahan, in his official capacity as Cook County Sheriff, alleging a deprivation of his 14th Amendment right to due process. Specifically, plaintiff alleges that defendant's practice of allowing cell doors and locks to remain in disrepair at the Cook County jail, coupled with defendant's guard shift change policy caused him injury. Defendant has moved for summary judgment pursuant to Fed.R.Civ.P. 56. For the reasons set forth below, defendant's motion is granted.

### FACTS

On May 22, 1995, plaintiff was a pre-trial detainee housed in cell L6 on the lower half of tier D–2 in Division V of the Cook County Jail. At approximately 3:00 p. m., the officers in the jail changed shifts. When all of the inmates on plaintiff's tier were in their cells, an officer on the new shift counted the men by walking down the tier and looking into each cell. Noticing nothing unusual, the officer called the count into the Division V security office.

Once the count was called in from every tier in the division, an announcement was made over the loudspeaker that the count had cleared throughout the division. At this time, the tier officer announced that it was time for the detainees to come out of their cells, and all cell doors were opened. It is the policy and practice of the Cook County Department of Corrections (CCDOC) to leave all the cell doors open for 30–45 minutes after the officer shift change. Once the 30–45 minute "grace period" expires, the cells are to be locked, and the inmates are expected to stay in the dayroom for the rest of the day. At 3:30 p.m., plaintiff's cellmate approached the tier officer and explained that plaintiff was lying on the floor. Upon investigation, the plaintiff was discovered beaten and bloody. Fellow inmates had entered plaintiff's cell and delivered the beating. Plaintiff claims that his injuries resulted from a broken lock on his cell, and further alleges that the defendant was aware of a large num-

ber of lock problems throughout the division. Plaintiff claims that this knowledge, combined with his injuries, amounts to a violation of his 14th Amendment rights.

## STANDARD FOR SUMMARY JUDGMENT

Under Fed.R.Civ.P. 56(c), a court should grant a summary judgment motion if "there is no genuine issue of material fact and... the moving party is entitled to judgment as a matter of law." The burden is on the moving party to identify portions of the pleadings, answers to interrogatories, and affidavits which demonstrate an absence of a genuine issue of material fact. *Id.; Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the non-moving party to set forth specific facts, through affidavits or other materials, that demonstrate disputed material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

When reviewing a summary judgment motion, the court must read the facts in the light most favorable to the non-moving party. *Liberty Lobby, Inc.*, 477 U.S. at 255, 106 S.Ct. 2505. The court's role "is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact." *Doe v. R.R. Donnelley & Sons Company*, 42 F.3d 439, 443 (7th Cir.1994).

## DISCUSSION

Defendant moves for summary judgment on several grounds.[1] First, defendant argues that because plaintiff was injured at a time when his cell door should have been open he cannot establish that the policy and practice regarding cell lock repair caused his injuries. Because, as explained below, plaintiff has himself admitted that the beating occurred at a time when the cell doors should have been open, he cannot establish causation and defendant is entitled to judgment.

In a § 1983 official capacity claim, like the instant case, the plaintiff must demonstrate that the deliberate conduct of the defendant was the "moving force" behind the injury. *Board of the County Commissioners of Bryan County, Oklahoma v. Jill Brown*, 520 U.S. 397, 117 S.Ct. 1382, 1388, 137 L.Ed.2d 626 (1997). There must be a "direct causal link" between an action of the defendant and the alleged deprivation of a federal right. *Id.* Plaintiff cannot establish this link.

On August 14, 1996, plaintiff testified in a criminal proceeding against the inmates who attacked him. *People v. Marshon Carpenter, et al.* When asked about the incident on cross-examination plaintiff responded:

Q At the time you saw what you have described today as Maurice in the day room, do you remember the time of day that that was?

A No, I don't

Q Because you were in the day room, you were not on lock down or count down, right?

A No, count down was just when I was going—when me and Maurice was going to the room.

Q Okay.

A Lock down was over—I mean just beginning; and then when lock down was over, that's when they came in.

According to plaintiff's own testimony, in a proceeding in which he had no incentive to lie, lock down had ended by the time the men entered his cell. Although plaintiff alleges something different in this case, he has not recanted or offered any

---

1. Aside from the reason discussed below, defendant also states that the Sheriff of Cook County does not perform structural repairs at the jail and argues that this fact should absolve defendant of liability. Defendant's third argument is that plaintiff's claim asserts a premises liability tort action rather than a violation of Federal Rights. Because, as explained below, plaintiff cannot establish causation, the court need not reach these issues..

explanation for this prior testimony. Nor has he submitted an affidavit denying the truth of his earlier testimony. Because plaintiff himself has testified that lock down was over, it is clear that he was not relying on the protection of a locked jail cell at the time of the attack.

It is obvious that plaintiff was the victim of an unfortunate and unimaginably violent and cowardly attack. However, the fact that he was injured at a time when his cell door was properly unlocked precludes the possibility of establishing the requisite direct causal link to establish that the condition of the cell lock was the moving force behind his injury.

## CONCLUSION

For this reason defendants motion for summary judgment is granted.